### J. L. Hughes v. The State.

#### No. 2030.   Decided November 13, 1912.

**1.—Assault to Rape—Charge of Court—Threats—Force.**

Upon trial of assault with intent to rape, there was no injury to defendant's right, if the court, in his charge in the general definition of the offense charged, mention threats, the submission being upon the theory of force.

**2.—Same—Requested Charges.**

In the absence of a statement of facts, the Appellate Court can not pass on the refusal of requested charges.

Appeal from the Criminal District Court of Galveston.   Tried below before the Hon. Robt. G. Street.

Appeal from a conviction of assault with intent to rape; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault to rape upon a woman by force, threats and fraud.

This record is before us without a statement of facts or bills of exception. There are quite a number of grounds in the motion for new trial mainly directed at the court's charge. An inspection of the charge shows that in applying the law to the case the court submitted the issue of assault to rape by force. It is contended the court erred in submitting the issue of threats. In giving the general definition the court stated in the charge that in order to constitute the offense of assault with intent to rape an unlawful assault must be shown by the accused upon the female with intent to ravish her by having carnal knowledge of her without her consent and against her will, by the use of such force or threats as would reasonably be sufficient to overcome her resistance. It must be shown by the evidence beyond reasonable doubt that the intent of the accused was to accomplish his purpose by force and against the will of the female. Applying the law directly to the case, the jury was instructed that if appellant assaulted Bessie Johnson with intent then and there to have carnal knowledge of her,

the said Bessie Johnson, by force and without her consent and against her will as hereinbefore defined, they would find him guilty as charged, and assess his punishment, etc.   We are of opinion there is no reversible error as this record is presented, especially so as the facts are not before us.   If there were threats in the case the court would have been justified in submitting that issue to the jury along with the question of force.   There could have been no serious injury to appellant's rights if the court in his general definition mentioned threats in connection with that definition for applying the law to the case the court only submitted to the jury the case upon the theory of force.   There are also charges requested by appellant which were refused.   In the absence of the statement of facts we are unable to say whether there was error in this.

The judgment is affirmed.

*Affirmed.*